IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIANNE LOCKE,

Plaintiff

v.

HAMPTON INN,

Defendant.                                              No. 08-0018-DRH

## ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Hampton Inn's motion for summary judgment filed on December 19, 2008 (Doc. 24). The **FEDERAL RULES OF CIVIL PROCEDURE** forbid a district court from acting on a summary judgment motion without giving the non-moving party a reasonable opportunity to respond. **Fed.R.Civ.P. 56**. A motion for summary judgment should not be granted against a *pro se* litigant unless the *pro se* litigant receives clear notice of the need to file affidavits or other responsive materials and of the consequences of not responding. ***See Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992)**. This "notice" should come from opposing counsel and should include a short, plain statement of the need to respond to a summary judgment motion, giving both the text of **Rule 56(e)** and an explanation of the rule in ordinary English. *Id*. If opposing counsel fails to provide the requisite notice then the district court should do so. *Id*.

Here, Hampton Inn, failed to afford the requisite notice to Locke, therefore, the Court must provide Locke with the proper notice. Thus, the Court **DIRECTS** Locke to follow **FEDERAL RULE OF CIVIL PROCEDURE 56(e)** in responding to the motion for summary judgment. **Rule 56(e)** states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise specifically provided by in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Further, the Court **ADVISES** Locke that the failure to respond to the evidence presented in support of Hampton Inn's motion for summary judgment with evidence of her own may result in the dismissal of her case with prejudice in favor of Hampton Inn. Specifically, any factual assertion will be taken as true by the Court unless Locke submits her own affidavits or other documentary evidence contradicting the assertion. In other words, Locke cannot merely rely upon the allegations of her complaint to survive the motion for summary judgment. ***See***

*Bryant v. Madigan*, **84 F.3d 246, 248 (7th Cir. 1996)**. Therefore, the Court **ALLOWS** Locke up to and including February 2, 2009 to respond to the motion for summary judgment or risk judgment being entered in favor of Hampton Inn and against Locke.

**IT IS SO ORDERED.**

Signed this 5th day of January, 2009.

/s/      *DavidRHerndon*
**Chief Judge
United States District Court**